IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

WILLIAM HUGHES and
JUDITH HUGHES,

    Plaintiffs,

v.                                            CASE NO:

ACE INSURANCE COMPANY OF THE
MIDWEST,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiffs WILLIAM HUGHES and JUDITH HUGHES (hereinafter "Plaintiffs") and sues the Defendant ACE INSURANCE COMPANY OF THE MIDWEST (hereinafter "Defendant") and alleges the following:

## GENERAL ALLEGATIONS

1. This is an action for damages exceeding the sum of Thirty-Thousand ($30,000.00), exclusive of costs and attorney's fees.

2. At all times material hereto, Plaintiffs WILLIAM HUGHES and JUDITH HUGHES, owns and resides at the property insured by Defendant ACE INSURANCE COMPANY OF THE MIDWEST, located at 11 Timberland Cir N, Fort Myers, Lee County, Florida 33919-7537.

3. At all times material hereto, Defendant ACE INSURANCE COMPANY OF THE MIDWEST, is a Florida corporation authorized and doing business in Lee County, Florida.

1

4. Venue is proper in Lee County, Florida pursuant to Florida Statute §47.011, because the cause of action upon which these allegations are based accrued in Lee County, Florida, and the property at issue is located in Lee County, Florida.

5. At all times applicable to this lawsuit and at the time of loss, on September 11, 2017, Plaintiffs were insured under Defendant's insurance policy number 268090276. A true and correct certified copy of the insurance policy is in the sole possession of the Defendant.

6. While said policy was in full force and effect, Plaintiffs discovered damage to the Plaintiffs' dwelling, as well as to other structures on the property. Upon information and belief, the damage resulted from hurricane damage onto said property and Plaintiffs reported a claim to the Defendant based upon said damage.

7. Defendant acknowledged receipt for the loss as claim number 77197440 and assigned an insurance adjuster to adjust the loss.

8. Plaintiffs paid all insurance premiums, performed all post loss conditions, and performed all conditions precedent. In the alternative, all conditions precedent has been waived.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiffs repeat and realleges paragraphs 1-8 as if fully asserted herein.

10. Plaintiffs are suffering direct physical damage to the Plaintiffs' dwelling, structures and property as a result of a covered peril as contemplated by the policy of insurance.

11. Plaintiffs have made an application for insurance benefits under the policy, notwithstanding the foregoing Defendant has failed and/or refuses to pay the full benefits Plaintiffs are entitled to for the loss, despite knowing that it is required to do so.

12. The Defendant has breached the policy of insurance by failing to pay all benefits due under the policy.

13. As a direct result of Defendant's breach of insurance contract, Plaintiffs have been financially damaged and continues to suffer damage and loss.

14. Plaintiffs have done and performed all the conditions properly required of them under the insurance policy, or alternatively, have been excused from performance because of the acts, representations, omissions, and/or conduct of Defendant.

15. As a result of Defendant's breach of the insurance contract, it has become necessary for Plaintiffs to incur and become obligated for attorney's fees and costs in connection with the prosecution of this action.

16. Plaintiffs are entitled to have Defendant pay said fees and costs pursuant to section Florida Statutes §627.428(1) states:

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. FL. Stat. 627.428(1).

17. Defendant owes prejudgment interest, expert fees, costs, attorneys' fees, the costs of all structurally necessary repairs, and, if the Plaintiffs' dwelling is not repairable within applicable coverage limits, an amount equal to such limits for the total loss.

WHEREFORE, Plaintiffs WILLIAM HUGHES and JUDITH HUGHES pray for an award of compensatory damages, consequential damages, pre-judgment interest, post judgment interest, costs of this action, attorney fees, and such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

## DESIGNATION OF ATTORNEY EMAIL ADDRESSES
## PURSUANT TO FLORIDA RULE 2.516

COLUCCI LAW GROUP, PLLC., hereby designates the following email addresses for the purpose of service of all documents to be served via email in this proceeding:

Primary: candice@coluccilawgroup.com
Secondary: kayla@coluccilawgroup.com
aideliz@coluccilawgroup.com

Respectfully Submitted,

/s/Candice Rojas-Colucci
Candice Rojas-Colucci, Esq.
Florida Bar Number 120514
COLUCCI LAW GROUP, PLLC
465 Harrison Ave
Panama City, Florida 32401
*And*
499 Patricia Ave., Suite B
Dunedin, Florida 34698 (primary mailing)
*And*
4472 US Hwy. South, Suite 707
St. Augustine, Florida 32086
Office: 727-733-9438
Direct: 813-842-0400
Fax: 1-800-217-0437
*Attorney for Plaintiffs*