UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM HUGHES, JUDITH
HUGHES, and ELEVATE
EXTERIORS, INC. a/a/o WILLIAM
HUGHES and JUDITH HUGHES,

      Plaintiffs,

v.                                      Case No.: 2:20-cv-497-FtM-38NPM

ACE INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Ace Insurance Company of the Midwest's Motion to Dismiss (Doc. 23). Plaintiffs William Hughes, Judith Hughes, and Elevate Exteriors, Inc. never responded. The Court grants the Motion in part.

This is a Hurricane Irma case. The storm damaged the Hughes' home, and they seek insurance proceeds from Ace. Before filing this case, however, the Hughes assigned their benefits under the insurance policy to Elevate (a local roofer). Now, Ace seeks dismissal for lack of jurisdiction and standing.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Rule 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction and standing. *E.g.*, *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1238 (M.D. Fla. 2019). These challenges take two forms—facial and factual. *Id.* at 1239. On facial attacks (like this one) "the Court takes the allegations in the complaint as true." *Id.* The operative pleading is the Amended Complaint (Doc. 24). And an attached contract is part of that pleading. Fed. R. Civ. P. 10(c).

First, Ace attacks the jurisdictional allegations. The Hughes and Elevate's citizenship are unchallenged (and proper). So Ace contends the allegations on its own citizenship fails. But the Court disagrees. The Complaint mentions Ace does business in Florida. Yet this does not destroy diversity like Ace worries. The place where a company conducts business doesn't establish its citizenship. What could be a defect is failing to plead Ace's principal place of business. When it removed, however, Ace established its principal place of business in Pennsylvania. (Doc. 1-6). Because there is no doubt the parties are diverse, the Motion is denied on this basis. *See* (Doc. 22 at 1 (noting the allegations now "demonstrate complete diversity")).

Second, Ace seeks to dismiss for lack of standing. After a valid, unconditional assignment of insurance benefits, the assignor loses standing to sue based on the rights assigned. *Napoli, Inc. v. Allied Prop. & Cas. Ins.*, No. 5:18-cv-101-Oc-30PRL, 2019 WL 5212615, at *1 (M.D. Fla. Jan. 18, 2019)

(Plaintiff "admits the assignment of benefits is valid—which means it lacks standing.").[2] Here, the Hughes assigned their rights to Elevate.

Attached to the Amended Complaint is a contract assigning insurance benefits to Elevate:

> Owner [(the Hughes)] irrevocably assigns all insurance rights, benefits, claims, proceeds, and causes of action, including supplemental claims (together, "Claim") to Elevate Exteriors, Inc.

(Doc. 24-1 at 2). This assignment clearly and unequivocally conveys all policy rights and benefits (including the right to bring this suit) to Elevate. Apparently, the Hughes agree as they didn't respond. So Elevate is the party with standing. *See Oglesby*, 781 So.2d at 470 ("And the one that owns the claim must bring the action if an action is to be brought."). Because the Hughes lack standing, their claim must be dismissed. And only Elevate can proceed with this case.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. 23) is **GRANTED in part**.

---

[2] *See also Ductan v. First Liberty Ins.*, No. 15-22929-Civ-COOKE/TORRES, 2015 WL 6599755, at *2 (S.D. Fla. Oct. 30, 2015) ("The caselaw makes clear that when a policyholder assigns away her rights under an insurance policy, the policyholder loses standing to bring suit on that policy."); *State Farm Mut. Auto. Ins. v. Physicians Injury Care Ctr., Inc.*, No. 6:06-cv-1757-Orl-GJK, 2008 WL 11338035, at *4 (M.D. Fla. Apr. 17, 2008); *Oglesby v. State Farm Mut. Auto. Ins.*, 781 So.2d 469, 470 (Fla. Dist. Ct. App. 2001).

(2) Plaintiffs' Amended Complaint (Doc. 24) is **DISMISSED without prejudice** because Plaintiffs William and Judith Hughes lack standing.

(3) Plaintiff Elevate Exteriors, Inc. must **FILE** an amended complaint **on or before December 14, 2020**. **The failure to file a timely amended complaint will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 30, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4