UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM HUGHES, JUDITH
HUGHES and ELEVATE
EXTERIORS, INC., individually

    Plaintiffs,

v.                                    Case No: 2:20-cv-497-FtM-38NPM

ACE INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Ace Insurance Company of the Midwest's Motion to Dismiss (Doc. 29). Plaintiffs William Hughes, Judith Hughes, and Elevate Exteriors, Inc. never responded. Instead, they moved for a hearing on Ace's Motion. (Doc. 30). Ace responded (Doc. 31), pointing out these defects along with Plaintiffs' failure to confer before filing the hearing request. Both Motions are denied.

This is a Hurricane Irma insurance case. In a previous Order, the Court dismissed the Hughes' claim without prejudice for lack of standing. (Doc. 25).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Specifically, the Court relied on the Hughes' allegation they assigned their claim to Elevate along with an attached assignment of benefits. Now, the Hughes allege they only assigned part of their claim. (Doc. 26 at 3). So they sue to recover on that basis of the retained portion.

On a Rule 12(b)(1) facial challenge (like this one), the Court must accept the well-pled facts as true and view them most favorable to the Hughes. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). While the assignment attached to the Complaint contains unequivocal assignment language, the clause preceding it could be read to narrow the scope to just the "roof and related items." (Doc. 26-1). This would be consistent with the new allegations that the Hughes kept part of their claim. As much as the Court can consider the Hughes' explanation in the hearing request, they clarify their claims are outside the scope of the assignment. Accepting and viewing the facts most favorably to the Hughes, the Court concludes they now allege standing sufficient to withstand a facial challenge. So they can proceed on a cause of action for the retained part of their insurance claim.

The Court notes, however, this confusion is entirely Plaintiffs doing. Plaintiffs never responded to Ace's first motion to dismiss. Nor have they effectively opposed this one. A mere request for a hearing does not respond to a motion. Local Rule 3.01(b) ("*Each party opposing a motion* or application *shall file* within 14 days after service of the motion or application *a response*."

(emphasis added)). The only way for an opposing party to even request a hearing in the Middle District is by doing so alongside a response. Local Rule 3.01(j) ("Requests for oral argument shall accompany the motion, or the opposing brief or legal memorandum."). Unlike state court, hearings are discretionary and rare in federal court on a routine motion to dismiss. Local Rule 3.01(j). The Hughes are not pro se—they have a lawyer. And going forward, the Court expects counsel to do their job, which includes responding to dispositive motions on behalf of their client.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 29) is **DENIED**.

2. Plaintiffs' Motion Requesting Hearing on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 30) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 27, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record